GARY RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED ___
RECEIVED ___ COPY ___

NOV 0 7 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  CR-23-1518-PHX-SMB (ASB) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:  18 U.S.C. § 371 (Conspiracy to Make False Statements During the Purchase of a Firearm) Count 1 |
| Luis Bojorquez-Quinonez, (Counts 1 - 4) | 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2 (Material False Statement During the Purchase of a Firearm, Aiding and Abetting) Count 2 |
| Defendant. | 18 U.S.C. §§ 554 and 2 (Smuggling Goods from the United States, Aiding and Abetting) Count 3 |
| | 18 U.S.C. §§ 922(g)(5) and 924(a)(8) (Possession of Ammunition by an Alien Unlawfully Present in the United States) Count 4 |
| | 18 U.S.C. §§ 924(d), 981, and 982; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

From on or about October 20, 2023, through on or about October 21, 2023, within the District of Arizona, Defendant LUIS BOJORQUEZ-QUINONEZ did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: (1) to knowingly make material false statements or representations to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, pertaining to information that the law requires the licensed dealer to keep, and in violation of Title 18, United States Code, Section 922(a)(6), 924(a)(2), and 2; and (2) to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, and to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, knowing the same to be intended for exportation contrary to any law or regulation of the United States, in violation of Title 18, United States Code, Section 554(a) and 2, Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

### Purpose of the Conspiracy

The purpose of this conspiracy was (a) to obtain a firearm from a licensed dealer of firearms by means of knowingly making a material false statements and representations that concealed the identity of the true purchaser of the firearm from the records the dealer was required to maintain; and (b) commit and assist in the commission of the unlawful smuggling or attempt to smuggle a firearm from the United States into the Republic of Mexico.  The firearm and ammunition intended to be smuggled in the course of this conspiracy includes:

- FN M249S rifle, 5.56 x 45 mm NATO caliber rifle, Serial Number M249SA09260;
- 1,000 rounds of 5.56 x 45 mm NATO caliber ammunition bearing known Winchester brand head stamps and markings; and

•1,000 rounds of linked 5.56 x 45 mm NATO caliber ammunition bearing known Lake City and NATO head stamps and markings.

### The Means and Methods of the Conspiracy

The means and methods employed by Defendant LUIS BOJORQUEZ-QUINONEZ and persons known and unknown to the grand jury to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that Defendant LUIS BOJORQUEZ-QUINONEZ, and persons known and unknown to the grand jury, would purchase a FN M249S rifle using cash.  This purchase was at the request of co-conspirator B, who was located in the Republic of Mexico.  Defendant LUIS BOJORQUEZ-QUINONEZ and persons known and unknown to the grand jury believed the rifle and ammunition would ultimately be transported from the United States to co-conspirator B in the Republic of Mexico.

It was a further part of the conspiracy that co-conspirator C would complete all required paperwork, including the ATF Form 4473, to indicate to the licensed dealer of the firearm that co-conspirator C was the true transferee/buyer to facilitate the purchase of the firearm.

It was a further part of the conspiracy that Defendant LUIS BOJORQUEZ-QUINONEZ and persons known and unknown to the grand jury did not have any valid license or other authority to export the firearm and ammunition from the United States into the Republic of Mexico.

### Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

1. On or about October 20, 2023, co-conspirator A contacted the FFL, Rocke Guns, who confirmed co-conspirator A wanted to purchase a FN M249S rifle, and he intended to pay cash for the firearm.  The plan was that on October 21, 2023, the firearm would be transferred from Rocke Guns to another FFL, named Mr. Gunz.

2. On October 21, 2023, a vehicle arrived at Rocke Guns; however, co-conspirator A, who was the purchaser of the firearm was not in that vehicle. Instead, Defendant LUIS BOJORQUEZ-QUINONEZ, co-conspirator C, and co-conspirator D were the individuals in the vehicle.

3. Defendant LUIS BOJORQUEZ-QUINONEZ, co-conspirator C, and co-conspirator D met with the owner of Rocke Guns and viewed the FN M249S that co-conspirator A had arranged to purchase. Rocke Guns transferred 2000 rounds of ammunition used in the FN M249S to Defendant LUIS BOJORQUEZ-QUINONEZ, co-conspirator C, and co-conspirator D.

4. Shortly thereafter, the owner of Rocke Guns, Defendant LUIS BOJORQUEZ-QUINONEZ, co-conspirator C, and co-conspirator D departed Rocke Guns and went to Mr. Gunz.

5. Upon arrival at Mr. Gunz, co-conspirator C completed ATF Form 4473 and paid approximately $18,000 for the FN M249S rifle. On ATF Form 4473, co-conspirator C answered the question that he was the true transferee/buyer, whereas in truth and fact, the firearm was for co-conspirator B, who was in Mexico.

6. The NICS background check returned a "delayed" status, so co-conspirator C could not take immediate possession of the rifle. Upon this delayed status, co-conspirator C exited the store and spoke with Defendant LUIS BOJORQUEZ-QUINONEZ and co-conspirator D. After a brief discussion, co-conspirator C reentered the store and stated he did not want to wait for the firearm and asked for a refund, which was not provided.

At the time of the commission of these aforementioned overt acts, the aforementioned firearm and ammunition qualified as United States Commerce Control List items, and therefore were prohibited by law for export from the United States into Mexico without a valid license. Defendant LUIS BOJORQUEZ-QUINONEZ, co-conspirator C, and co-conspirator D and persons known and unknown to the grand jury did not have a

- 4 -

license or any other lawful authority to export the firearm and ammunition from the United States into Mexico.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about October 21, 2023, in the District of Arizona, Defendant LUIS BOJORQUEZ-QUINONEZ, and others known and unknown to the Grand Jury, knowingly made material false statements and representations in connection with the acquisition of a firearm to Mr. Gunz Firearms in Cave Creek, Arizona, which wase intended and likely to deceive Mr. Gunz Firearms as to a fact material to the lawfulness of a sale of a firearm by Mr. Gunz Firearms, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Mr. Gunz Firearms, in that a co-conspirator did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm, whereas in truth and fact, he knew that he was purchasing the firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 3

On or about October 20, 2023 through October 21, 2023, in the District of Arizona, Defendant LUIS BOJORQUEZ-QUINONEZ, and others known and unknown to the Grand Jury, knowingly and fraudulently attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is: an FN M249S rifle, 5.56 x 45 mm NATO caliber rifle, Serial Number M249SA09260; 1,000 rounds of 5.56 x 45 mm NATO caliber ammunition bearing known Winchester brand head stamps and markings; and 1,000 rounds of linked 5.56 x 45 mm NATO caliber ammunition bearing known Lake City and NATO head stamps and markings, knowing the same to be

intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819, Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

In violation of Title 18, United States Code, Section 554(a) and 2.

## COUNT 4

On or about October 21, 2023, in the District of Arizona, Defendant LUIS BOJORQUEZ-QUINONEZ, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess ammunition, to wit:

- 1,000 rounds of 5.56 x 45 mm NATO caliber ammunition bearing known Winchester brand head stamps and markings; and
- 1,000 rounds of linked 5.56 x 45 mm NATO caliber ammunition bearing known Lake City and NATO head stamps and markings,

which had previously been shipped or transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 4 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 4 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendant is liable, including, but not limited to, the following property involved and used in the offense:

- FN M249S rifle, 5.56 x 45 mm NATO caliber rifle, Serial Number M249SA09260;
- 1,000 rounds of 5.56 x 45 mm NATO caliber ammunition bearing known

Winchester brand head stamps and markings; and

• 1,000 rounds of linked 5.56 x 45 mm NATO caliber ammunition bearing known Lake City and NATO head stamps and markings.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924, 981, and 982; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

~~All in accordance with 18 U.S.C. §§ 924(d), 981, and 982; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.~~

A TRUE BILL

_/s/_
FOREPERSON OF THE GRAND JURY
Date: November 7, 2023

GARY RESTAINO
United States Attorney
District of Arizona

_/s/_
JACQUELINE SCHESNOL
Assistant U.S. Attorney

- 7 -