GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-01518-001-PHX-KML |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO THE DRAFT PRESENTENCE REPORT** |
| Luis Fernando Bojorquez-Quinonez, | |
| Defendant. | |

Defendant Luis Fernando Bojorquez-Quinonez ("Defendant" or "Bojorquez-Quinonez") pleaded guilty to Count 4 of the Indictment, Possession of Ammunition by an Alien Unlawfully in the United States. The United States recommends that Defendant receive a high-end Guideline sentence of imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR").[1] (ECF 27.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 15 and Criminal History Category ("CHC") I. (Draft PSR at ¶¶ 27, 31, and 49.) This results in a Guidelines range of 18-24

---

[1] The United States will address Defendant's objection to the Guidelines below, which will impact the final sentencing range to which the government is bound.

months' imprisonment.  The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.　　FACTS AND PROCEDURAL HISTORY

Defendant Bojorquez-Quinonez was arrested on October 21, 2023, and the United States filed a Complaint on October 23, 2023.  (ECF 1.)  Pretrial Services filed a Pretrial Bail Services Report setting forth Bojorquez-Quinonez's history and risk of release.  (ECF 2 and 7.)  A grand jury indicted Defendant Bojorquez-Quinonez on November 7, 2023. (ECF 8.)  Magistrate Judge Morrissey detained Defendant Bojorquez-Quinonez.  (ECF 13.) On May 23, 2024, Defendant Bojorquez-Quinonez pleaded guilty  to Count 4 of the Indictment, Possession of Ammunition by an Alien Unlawfully in the United States, in violation of 18 United States Code §§ 922(g)(5) and 924(a)(8).  (ECF 24.)

The facts giving rise to Bojorquez-Quinonez's crime of possessing 2,000 rounds of ammunition, which was just part of Defendant's conduct.  The details of Defendant Bojorquez-Quinonez's crime are further detailed in the Complaint and the Draft PSR, including his part in the conspiracy to purchase an FN M249S rifle that would go to Mexico, as well as his previous participation in obtaining firearms for an individual in Mexico.

### II.　　UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION

Defendant Bojorquez-Quinonez has filed objections to the Draft PSR.  (ECF 32.)  Bojorquez-Quinonez's objection is based on the Draft PSR's failing to apply a downward departure for mitigating role pursuant to U.S.S.G. § 3B1.2, and failing to apply a two-level downward departure, pursuant to U.S.S.G. § 4C1.1.

In resolving factual disputes, the court ordinarily applies the preponderance of the evidence standard.  U.S.S.G. §6A1.3, comment; *see also McMillan v. Pennsylvania*, 477 U.S. 79, 91–92 (1986) (holding that due process does not require sentencing factors to be proven by more than a preponderance of the evidence).

**A. U.S.S.G. § 3B1.2**

Defendant Bojorquez-Quinonez argues that he is entitled to a downward departure pursuant to U.S.S.G. § 3B1.2, because he was "merely a lookout" and thus a minor participant. (ECF 32, p. 1.)  Defendant's brief correctly cites to the Draft PSR, which lays out the extent to which he was involved in the planning, coordination, and responsibility in the present crime.  Defendant communicated with his contact in Mexico specifically about the purchase of the firearm, and when the sale was delayed he communicated with the contact in Mexico about holding the cash that was for the firearm purchase.  Defendant rode in a vehicle with others, went inside the first FFL with the other individuals from the vehicle, rode to a second FFL, possessed ammunition and an accessory kit for the FN M249S rifle, attempted to delete messages from his cellular telephone (which demonstrates a consciousness of guilt), and his knowledge that the firearm was going to his contact in Mexico.  (Draft PSR at 7-12.)

Bojorquez-Quinonez was far more than a courier or a lookout; he participated in the planning of, was responsible for, and understood the scope and structure of the criminal activity.  Defendant was at least an average participant, and the Court clearly has enough evidence to support the Draft PSR's calculation, which did not apply a departure pursuant to U.S.S.G. § 3B1.2.

**B. U.S.S.G. § 4C1.1**

A two-point reduction is applied to defendants who have no prior criminal history points U.S.S.G. § 4C1.1(a)(1), and who did not engage in specially disfavored conduct, *id*. § 4C1.1(a)(2)–(10).  Most relevant here is that the defendant did not "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id*. § 4C1.1(a)(7).

Defendant Bojorquez-Quinonez asserts he is entitled to this reduction, because he pled only to Possession of Ammunition by an Alien. (ECF 32, p. 6.)  Application, or lack thereof, of U.S.S.G. § 4C1.1 does not require the defendant plead guilty to a charge

related to firearms, it goes to a defendant's conduct. Here, Bojorquez-Quinonez does not assert that any of the details of the offense conduct in the Draft PSR are factually incorrect. Agents witnessed Defendant go into the first FFL, where the firearm was located before it was transferred to the second FFL. Defendant admitted that his contact in Mexico provided him with cash to purchase the rifle, he agreed to purchase a rifle, he believed the FN M249S firearm would go to Mexico, and that he communicated with the contact in Mexico about his co-conspirator's inability to purchase the FN M249S rifle.    The United State asserts this supports a finding that Defendant conspired to "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." The Court certainly has enough evidence to support the Draft PSR's calculation, which did not apply a departure pursuant to U.S.S.G. § 4C1.1.

Therefore, the United States urges the Court to find the Draft PSR's Final Offense Level of 15 is correct, with a CHC I, resulting in a range of 18-24 months' imprisonment.

## III.    UNITED STATES' SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Bojorquez-Quinonez receive a prison sentence at the high-end of the Guidelines. The government also recommends the term of incarceration be followed by a term of three-years' supervised release. The United States will dismiss Counts 1-3 of the Indictment, as to Defendant Bojorquez-Quinonez only.

### A.    A Prison Sentence is Appropriate Pursuant to § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court

determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that a high-end Guidelines prison sentence for Defendant Bojorquez-Quinonez is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Defendant Bojorquez-Quinonez engaged in a conspiracy wherein a co-conspirator to make a material false statement on an ATF Form 4473, stating he was the actual transferee/buyer of the firearm, when the co-conspirator and Defendant knew the firearm was actually for an individual in Mexico. The firearm they attempted to purchase was an FN M249S, which is a seriously dangerous rifle, which is highly sought after by the cartel. Defendant possessed the ammunition and accessory kit for the FN M249S, which demonstrates his knowledge and participation in illegally obtaining a firearm. Additionally, Bojorquez-Quinonez knew the deadly weapon would be transported to Mexico. Defendant received the benefit of a plea agreement to Alien in Possession, while he was charged in Count 3 with Smuggling Goods from the United States, which has a much higher Guideline offense level. The nature and circumstances of Defendant Bojorquez-Quinonez's actions justify a lengthy prison sentence at the high end of the Guidelines.

### 2. Defendant's History and Characteristics

While Defendant Bojorquez-Quinonez's has no criminal history points, he did overstay his visa. (Draft PSR at 35.) This demonstrates his disregard for the law and the

legal process. Bojorquez-Quinonez has shown his unwillingness to remain law abiding, a prison sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Conspiracy to make a false statement to obtain a firearm, an especially dangerous firearm destined for Mexico, and possessing ammunition by someone not lawfully in the United States is extremely alarming. Defendant Bojorquez-Quinonez's crime warrants a lengthy prison sentence.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Defendant Bojorquez-Quinonez's sentence must be sufficient to deter him and others who engage in criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Bojorquez-Quinonez's conduct is serious, and he has demonstrated an unwillingness or inability to remain law abiding. A prison sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18

U.S.C. § 3553(a)(2)(D).  From a review of the Draft PSR, Bojorquez-Quinonez may be in need of substance abuse treatment.  He may seek treatment in the Bureau of Prisons.

**B.  Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)**

The United States recommends that Defendant Bojorquez-Quinonez be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Bojorquez-Quinonez remains law abiding. This will protect the public from further crimes by Defendant Bojorquez-Quinonez and, hopefully, deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**IV.    CONCLUSION**

The United States recommends that Defendant Bojorquez-Quinonez receive a sentence of imprisonment at the high-end of the Sentencing Guidelines.  The United States further recommends that Bojorquez-Quinonez receive a term of three years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 19th day of September, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that, on September 19, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ana Laura Botello
Counsel for Defendant Bojorquez-Quinonez

*s/ J. Schesnol*
U.S. Attorney's Office